ALDERMAN, Justice.
We have for review by direct appeal the final judgment of the Circuit Court, in and for Volusia County, validating certain refunding bonds of the City of Daytona Beach which include not exceeding $22,000,-000 water and sewer revenue bonds, series 1978, and not exceeding $16,000,000 special obligation bonds, series 1978A.
The State of Florida, through the State Attorney for the Seventh Judicial Circuit, challenges this validation on the grounds that Chapter 132 and Chapter 159, Florida Statutes (1977), apply to the proposed refunding bonds and the proposed refunding plan violates Sections 132.11 and 159.13; that the proposed issue does not constitute a “project” within the meaning of Section 166.101(8), Florida Statutes (1977); and that the special obligation bonds are not payable in the same manner as the outstanding bonds, as required by Section 166.-101(6), Florida Statutes (1977). We find these points to be without merit and affirm the judgment of the trial court validating these bonds.
Pursuant to Chapter 166, Florida Statutes (1977), the City of Daytona Beach, by Ordinance No. 78-43, authorized the refunding of presently outstanding obligations of the City payable from revenues of the combined water and sewer system. The ordinance, which provided for water and sewer revenue bonds not exceeding $22,-000,000 to be applied to refund the principal, interest and redemption premiums in respect to the presently outstanding obligation, states that the issuer has previously issued the refunded bonds of which $19,-810,000 principal amount would be outstanding as of January 2, 1978; that the refunding program will be advantageous because it will permit the elimination of burdensome covenants and will result in a realization of interest savings with respect to the aggregate sewer system indebtedness; that an amount sufficient to effect the refunding will be deposited in an irrevocable escrow account established for the benefit of the holders of the refunded bonds and invested in federal securities not redeemable at the option of the obligor; that the principal amount of the federal securities will be sufficient to make timely payments of all presently outstanding principal, interest and redemption premiums relating to the refunded bonds; that the interest earned on these securities will be sufficient to make timely payments of principal and interest on the special bonds; that the principal and interest of the bonds and required sinking fund shall be payable solely from net revenues derived from the operation of the water and sewer system; that the issuer shall never be required to levy ad valorem taxes on any property to pay the principal of, and interest on, the bonds; that the bonds shall not constitute a lien upon any properties owned by, or located within the boundaries of, the issuer; that the proceeds, including accrued interest and premium, from sale of the bonds, shall be applied as follows:
A. The accrued interest to the date of delivery shall be deposited in the Sinking Fund herein created and shall be used only for the purpose of paying interest becoming due on the Bonds.
B. At the option of the Issuer, a sum which, together with other legally available funds of the Issuer deposited therein on the date of delivery of the Bonds, will equal the Maximum Debt Service Requirement coming due in any ensuing Fiscal Year shall be deposited into the Reserve Account hereinafter created and established.
C. To the extent not paid or reimbursed therefor by the original purchaser of the Bonds, the Issuer shall pay all costs and expenses in connection with the preparation, issuance and sale of the Bonds.
*779 D. A sum specified in the Escrow Deposit Agreement which (1) together with a portion of the net proceeds of the sale of the Special Bonds and the other funds, if any, described in the Escrow Deposit Agreement to be deposited in escrow, will be sufficient to pay, as of any date of calculation, the principal of and premium, if any, and interest on the Refunded Bonds as the same shall become due or are redeemed as provided by subsequent resolution of the Issuer, and which sum (2) together with the net proceeds of the sale of the Special Bonds and the other funds, if any described in the Escrow Deposit Agreement to be deposited in escrow, and together with the Escrow Deposit Income, as defined in the Escrow Deposit Agreement, will be sufficient to make the payments described above and to pay the principal of and interest on the Special Bonds as the same shall become due, and to pay the expenses specified in the Escrow Deposit Agreement, shall be deposited into the Principal Account and the Income Account established in the Escrow Deposit Agreement, in .the respective amounts sufficient for such purposes.
The City also enacted Ordinance No. 78-44 authorizing the refunding of the presently outstanding revenue obligations, providing for the issuance of special obligation bonds not exceeding $16,000,000, and providing for the payment of the refunding bonds from escrow deposit income. This ordinance provides that the issuer will derive income from the investment of moneys to be deposited in escrow, that special bonds shall be payable as to principal and interest solely from and secured by a pledge of a first lien upon certain escrow deposit income, and that these bonds shall not constitute a general indebtedness of the City nor debt of the State and shall not constitute a pledge of the faith and credit of the City or the State.
In his final judgment validating the bonds, after making extensive findings, the trial judge ordered:
NOW THEREFORE, IT IS ORDERED AND ADJUDGED, that the issuance by the City of Daytona Beach, Florida, of not exceeding $22,000,000 Water and Sewer Revenue Bonds, Series 1978, to be dated as of a date to be fixed by resolution of Plaintiff prior to the issuance of the Water and Sewer Revenue Bonds, to be numbered consecutively from one upward, to be issued in such denominations as shall be determined by the Plaintiff, bearing interest at not exceeding the maximum rate authorized by law, and to mature either semiannually or annually in such years, but not exceeding 35 years from their date, and in such amounts as shall be determined and fixed by resolution of Plaintiff to be adopted prior to the delivery of the Water and Sewer Revenue Bonds, and to be callable as provided in the Water and Sewer Bond Ordinance, is for a proper, legal and corporate public purpose and is fully authorized by law and that the Water and Sewer Revenue. Bonds and each of them to be issued as aforesaid and all proceedings incident thereto are hereby validated and confirmed. The Water and Sewer Revenue Bonds are to be issued to finance part of the cost of refunding the Refunded Bonds and as and when so issued will be payable from and secured by the Net Revenues derived by Plaintiff from the operation of the water and sewer system in the manner provided in the Water and Sewer Bond Ordinance.
IT IS FURTHER ORDERED AND ADJUDGED, that the issuance by the City of Daytona Beach, Florida, of not exceeding $16,000,000 Special Obligation Bonds, Series 1978, to be dated as of a date to be fixed by resolution of Plaintiff prior to the issuance of the Special Bonds, to be numbered consecutively from one upward, to be in the denomination of $5,000 each of integral multiples thereof, bearing interest at not exceeding the maximum rate authorized by law and to mature on such dates and in such years and in such amounts, all to be determined and fixed by resolution of Plaintiff to be adopted prior to the delivery of the Special Bonds, is for a proper, legal and *780 corporate public purpose and is fully authorized by law and that the Special Bonds and each of them to be issued as aforesaid and all proceedings incident thereto are hereby validated and confirmed. The Special Bonds are to be issued to finance part of the costs of refunding the Refunded Bonds and as and when so issued will be payable from and secured by a pledge of and a first lien upon certain escrow deposit income in the manner described in the Special Bond Ordinance and the Escrow Deposit Agreement to be entered into by the Plaintiff in the form attached to the Water and Sewer Bond Ordinance.
Article VIII, Section 2(b), Florida Constitution, provides:
(b) POWERS. Municipalities shall have governmental, corporate and proprietary powers to enable them to conduct municipal government, perform municipal functions and render municipal services, and may exercise any power for municipal purposes except as otherwise provided by law. Each municipal legislative body shall be elective.
Section 166.021, Florida Statutes (1977), provides:
(1) As provided in s. 2(b), Art. VIII of the State Constitution, municipalities shall have the governmental, corporate, and proprietary powers to enable them to conduct municipal government, perform municipal functions, and render municipal services, and may exercise any power for municipal purposes, except when expressly prohibited by law.

(4) The provisions of this section shall be so construed as to secure for municipalities the broad exercise of home rule powers granted by the Constitution. It is the further intent of the Legislature to extend to municipalities the exercise of powers for municipal governmental, corporate, or proprietary purposes not expressly prohibited by the Constitution, general or special law, or county charter and to remove any limitations, judicially imposed or otherwise, on the exercise of home rule powers other than those so expressly prohibited. .
Section 166.111, Florida Statutes (1977), provides:
Authority to borrow. — The governing body of every municipality may borrow money, contract loans, and issue bonds as defined in s. 166.101 from time to time to finance the undertaking of any capital or other project for the purposes permitted by the State Constitution and may pledge the funds, credit, property, and taxing power of the municipality for the payment of such debts and bonds.
Refunding bonds are defined in Section 166.101 as follows:
Definitions. — As used in this part, the following words and terms shall have the following meanings unless some other meaning is plainly indicated:

(6) The term “refunding bonds” means bonds issued to refinance outstanding bonds of any type and the interest and redemption premium thereon. Refunding bonds shall be issuable and payable in the same manner as the refinanced bonds, except that no approval by the electorate shall be required unless required by the state constitution.
Recently, in State v. City of Sunrise, 354 So.2d 1206 (Fla.1978), this Court described the authority of municipalities to issue refunding bonds as follows:
Since there is no specific section in the Constitution authorizing municipalities to issue refunding revenue bonds, the Attorney General and all other parties have argued on rehearing that the municipalities may issue such bonds under their constitutional home-rule powers. Article VIII, Section 2, Florida Constitution, expressly grants to every municipality in this state authority to conduct municipal government, perform municipal functions, and render municipal services. The only limitation on that power is that it must be exercised for a valid “municipal purpose.” It would follow that municipalities are not dependent upon the Leg *781 islature for further authorization. Legislative statutes are relevant only to determine limitations of authority. Since there is no constitutional or statutory limitation on the right of municipalities to issue refunding revenue bonds not payable by ad valorem taxes, we hold that municipalities may issue “double advance refunding bonds” so long as such bonds are pursuant to the exercise of a valid municipal purpose.
In reaching this determination we recognize that our present authority to review such bonds is sharply limited, almost to the point of insignificance. Our decision cannot reach the question of whether the revenue bond plan presently before us is fiscally sound, or whether double advance refunding is a wise method of financing municipal undertakings. .
Neither Chapter 132 nor Chapter 159 constitutes a limitation on the authority of the City of Daytona Beach to issue these refunding bonds. Chapter 132 applies only to refunding bonds payable at least in part from ad valorem taxes. Section 159.14 expressly provides that Part I of Chapter 159 is an additional and alternative method for doing the things thereby authorized and is to be regarded as additional and supplemental to powers conferred by other laws not in derogation of any of those powers. The City of Daytona Beach chose to authorize and issue these refunding bonds pursuant to Chapter 166.
The question of whether these refunding bonds constitute a “project” within the definition of Section 166.101(8), Florida Statutes (1977), has been resolved in favor of the City by this Court’s recent decision in State v. City of Sunrise, supra.
Finally, the State argues that special obligation bonds are not payable in the same manner as the refunded bonds, as required by Section 166.101(6), since, to be in accordance with this statutory provision, the proposed refunding bonds must be payable out of the same source of funds. The City responds, and we agree, that Section 166.101(6) means that refunding bonds which are issued to refund revenue bonds must be issuable and payable in the same manner as revenue bonds are issuable and payable, and refunding bonds which are issued to refinance ad valorem bonds must be issuable and payable in the same manner as ad valorem bonds. We, therefore, hold that the special obligation bonds are not violative of this statutory provision.
Accordingly, we affirm the final judgment of the trial court validating these refunding bonds.
It is so ordered.
OVERTON, C. J., and ADKINS, BOYD, ENGLAND and HATCHETT, JJ., concur.